UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS J. NASH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 15-2386-JPR<br><br>**MEMORANDUM DECISION AND ORDER AFFIRMING COMMISSIONER** |

**I.　PROCEEDINGS**

　　Plaintiff seeks review of the Commissioner's final decision denying her applications for Social Security disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation, filed May 9, 2016, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is affirmed and this action is dismissed.

**II. BACKGROUND**

Plaintiff was born in 1961. (Administrative Record ("AR") 36.) She completed 11th grade and worked as a hairdresser, security guard, and caregiver.[1] (AR 128, 134.)

On September 10, 2012, Plaintiff filed an application for DIB, alleging that she had been unable to work since October 11, 2008, because of heart failure, diabetes, high blood pressure, and thyroid problems. (AR 54.) That application was denied on February 22, 2013 (AR 57), and on March 28, she requested a hearing before an Administrative Law Judge (AR 66). On April 26, 2013,[2] she filed an application for SSI.[3] (AR 108.) The hearing was held on September 24, 2013, and Plaintiff, who was represented by counsel, testified, as did medical, psychological, and vocational experts. (AR 33.) In a written decision issued November 6, 2013, the ALJ found Plaintiff not disabled. (AR 27.) On January 30, 2015, the Appeals Council denied review. (AR 1.) This action followed.

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and

---

[1] The ALJ stated that Plaintiff completed the 10th grade (AR 23), but during the hearing Plaintiff testified that she reached at least the 11th grade (AR 36), and on an undated disability report she indicated that she completed the 11th grade (AR 128).

[2] The ALJ stated that the SSI application was filed on March 26, 2013 (AR 19), but the Social Security Administration's application summary said it was filed on April 26 (AR 108).

[3] The only adjudication of this application appears to be the ALJ's decision.

2

decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV. THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

  A. The Five-Step Evaluation Process

The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled. 20 C.F.R.

§§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, the claimant is not disabled and her claim must be denied.  §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[4] to perform her past work; if so, she is not disabled and the claim must be denied.  §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  The claimant

---

[4] RFC is what a claimant can do despite existing exertional and nonexertional limitations.  §§ 404.1545, 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

has the burden of proving she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Drouin, 966 F.2d at 1257. That determination comprises the fifth and final step in the sequential analysis. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

B.   The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 11, 2008, the alleged onset date. (AR 21.) At step two, he concluded that Plaintiff had severe impairments of hypertension, diabetes mellitus, hyperthyroidism, obesity, posttraumatic stress disorder, and psychotic disorder. (Id.) At step three, the ALJ determined that Plaintiff's impairments did not meet or equal a listing. (AR 22.)

At step four, the ALJ found that Plaintiff had the RFC to perform a range of light work, including lifting 20 pounds occasionally and 10 pounds frequently, standing and walking for four hours in an eight-hour workday, and sitting for six hours in an eight-hour workday with normal breaks. (AR 22-23.) Plaintiff was also limited to performing occasional postural activities and simple, repetitive tasks with no interaction with the general public, but she could interact appropriately with supervisors and

coworkers. (AR 23.) Plaintiff does not challenge any of those findings.

Finally, based on the VE's testimony, the ALJ concluded that Plaintiff could not perform her past relevant work as a home health attendant but could perform other work in the national and regional economies. (AR 26-27.) Accordingly, he found her not disabled. (AR 27.)

**V.   DISCUSSION**

<u>Plaintiff's New Job Browser Pro Argument and Evidence</u>
<u>Do Not Warrant Remand</u>

Plaintiff contends for the first time that the ALJ improperly relied on the VE's testimony as to the number of jobs in the national and regional economies. (J. Stip. at 4-13, 18.) In support, she proffers new evidence from Job Browser Pro[5] that allegedly conflicts with the VE's testimony. (<u>Id.</u>, Exs. 1 & 2.) The Commissioner argues that Plaintiff "waived any challenge of the [VE's] testimony regarding the number of available jobs when she did not raise the objection nor present the evidence" during the administrative proceedings. (<u>Id.</u> at 13-14.) Plaintiff has not even addressed the Commissioner's waiver argument. (<u>See</u> <u>id.</u> at 18 (Plaintiff's reply).) For the reasons discussed below, remand is not warranted.

A.   <u>Applicable law</u>

At step five of the five-step process, the Commissioner has the burden to demonstrate that the claimant can perform some work

---

[5] Job Browser Pro is "a software program that compiles and analyzes job statistics." <u>Valenzuela v. Colvin</u>, No. CV 12-0754-MAN, 2013 WL 2285232, at *3 (C.D. Cal. May 23, 2013).

that exists in "significant numbers" in the national or regional economy, taking into account the claimant's RFC, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.960(c), 404.1560(c). The Commissioner may satisfy that burden either through the testimony of a VE or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. part 404, subpart P, appendix 2. Tackett, 180 F.3d at 1100-01; see also Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012). "A VE's recognized expertise provides the necessary foundation for his or her testimony," and "no additional foundation is required." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

B.  Relevant background

At the September 2013 hearing, the VE testified that a person with Plaintiff's RFC could perform the job of small-products assembler, DOT 706.684-022, 1991 WL 679050, which is light, unskilled work. (AR 44-45.) The VE testified that there were 10,300 such jobs nationally and 700 regionally, which was based on a 50 percent erosion to accommodate the limitations to simple, repetitive tasks and no interaction with the general public. (AR 44-45, 47.)

The VE further testified that a person with Plaintiff's RFC could also perform the job of "assembler," DOT 726.685-066, 1991 WL 679631,[6] which is sedentary, unskilled work. (AR 45.) She testified that 21,000 such jobs were available nationally and 520

---

[6] The VE referred to this position as "assembler" (AR 45), but the DOT title is "bonder, semiconductor," a job that involves assembling electronics. DOT 726.685-066, 1991 WL 679631.

were available regionally. (Id.) The VE testified that she could name other sedentary jobs in the national economy that the hypothetical person could perform. (AR 48.) Plaintiff's counsel — who continues to represent Plaintiff in this appeal — asked the VE what her source was for the jobs numbers. (Id.) The VE replied, "Job Browser Pro." (AR 49.) Plaintiff's counsel did not ask the VE any follow-up questions. (Id.)

In his November 2013 decision, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy. (AR 26.) In support, the ALJ cited the VE's testimony that a person with Plaintiff's RFC could perform the two assembler jobs. (Id.) Plaintiff requested review by the Appeals Council and submitted a supporting brief, which the Appeals Council made part of the record. (AR 5, 13, 145.) In it, Plaintiff contended that the ALJ improperly determined that she could perform the identified jobs because the "demands of that work exceed the [RFC] as found by the ALJ," a claim she does not raise here. (AR 145.) She did not challenge the ALJ's reliance on the VE's testimony to find that sufficient jobs existed in the economy, nor did she submit any new evidence from Job Browser Pro. (See id.) The Appeals Council denied the request for review. (AR 1.)

Plaintiff then filed the instant action. For the first time, Plaintiff challenges the VE's testimony and presents printouts from Job Browser Pro allegedly showing that her job numbers were inaccurate. (Compare J. Stip., Exs. 1 & 2 with AR 44-45.) The Job Browser Pro printouts appear to show that there are 806 small-products-assembler jobs nationally and six

regionally (AR 44; J. Stip., Ex. 1 at 2) and eight "assembler" jobs nationally and none regionally (AR 44; J. Stip., Ex. 2 at 2).

C. <u>Analysis</u>

Plaintiff argues that "[t]he numbers of jobs which the [VE] identifies do not exist and are contradicted by the data produced by the Job Browser Pro materials." (J. Stip. at 6.) But Plaintiff and her counsel were aware that the VE relied on Job Browser Pro at the time of the hearing, in September 2013 (AR 48-49), and thereafter they presumably could have easily obtained the job numbers directly from Job Browser Pro; indeed, they eventually did so. But Plaintiff nevertheless failed to raise this issue or submit any Job Browser Pro printouts to the agency at any point before the ALJ's November 2013 decision or the Appeals Council's January 2015 denial of review. As the Commissioner argues (J. Stip. at 14-15), Plaintiff therefore waived this issue by failing to raise it during the administrative proceedings. <u>See</u> <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1115 (9th Cir. 1999) (holding that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal"); <u>Phillips v. Colvin</u>, 593 F. App'x 683, 684 (9th Cir. 2015) (finding that issue of whether plaintiff had engaged in substantial gainful activity "was waived by [plaintiff's] failure to raise it at the administrative level when he was represented by counsel"); <u>see also</u> <u>Mills v. Apfel</u>, 244 F.3d 1, 8 (1st Cir. 2001) (finding waiver based on failure to raise issue at hearing

before ALJ).[7]  Indeed, a finding of waiver is particularly appropriate because Plaintiff's argument rests entirely on new Job Browser Pro evidence that the Commissioner was never given an opportunity to weigh or evaluate.  Cf. Silveira v. Apfel, 204 F.3d 1257, 1260 n.8 (9th Cir. 2000) (per curiam) (considering argument raised for first time on appeal because "it is a pure question of law and the Commissioner will not be unfairly prejudiced by [plaintiff's] failure to raise the issue below" and noting that "[t]his is not a case in which the claimant rests her arguments on additional *evidence* presented for the first time on appeal"); Harshaw v. Colvin, 616 F. App'x 316, 316 (9th Cir. 2015) (finding that plaintiff waived challenge to ALJ's step-two determination because it was "finding of fact and not a pure question of law for which the waiver rule may be excused").

In addition, Plaintiff's counsel had the opportunity to further question the VE about the Job Browser Pro numbers during the ALJ hearing but failed to do so.  (AR 49); see Moore v. Astrue, No. 1:09-CV-01582 GSA, 2011 WL 1233119, at *9 (E.D. Cal.

---

[7] In Sims v. Apfel, the Supreme Court held that Social Security claimants need not present issues they raised to the ALJ in a request for review to the Appeals Council in order to preserve judicial review of those issues.  530 U.S. 103, 104-05 (2000).  But the Supreme Court specifically noted that it was not deciding "[w]hether a claimant must exhaust issues before the ALJ."  Id. at 107; see also id. at 117 (Breyer, J., dissenting) (stating that he "assume[s] the plurality would not forgive the requirement that a party ordinarily must raise all relevant issues before the ALJ").  As such, Sims did not disturb Meanel's holding that issues must be raised at some point before the administrative agency.  See Mills, 244 F.3d at 8 ("The impact of a no-waiver approach at the Appeals Council level is relatively mild; at the ALJ level it could cause havoc, severely undermining the administrative process.").

Mar. 31, 2011) (finding that plaintiff waived argument regarding ALJ's step-four finding when counsel "made no effort to question [p]laintiff further" regarding her ability to perform past relevant work), aff'd sub nom. Moore v. Comm'r of Soc. Sec., 500 F. App'x 638 (9th Cir. 2012); cf. McCaleb v. Colvin, No. EDCV 12-01428-JEM, 2013 WL 1516259, at *5 (C.D. Cal. Apr. 12, 2013) ("Plaintiff, not the ALJ, bears the responsibility for the record he challenges. He failed to question [the VE] about her job estimates or to present the Job Browser Pro jobs data to the ALJ or to the Appeals Council and does not offer a good reason for failing to do so."). Indeed, Plaintiff has been represented by the same counsel throughout the administrative and court proceedings; in such circumstances, "allowing claimants to raise new arguments at the district court review level creates 'a perverse incentive for Social Security attorneys to sandbag at the administrative level and save their best arguments on appeal, where they can seek attorneys' fees for the unnecessary work performed at the district court level.'" Queen v. Colvin, No. 5:15-CV-01430-VEB, 2016 WL 3436370, at *5 (C.D. Cal. June 16, 2016) (citations omitted).

Further, even if Plaintiff's claim hadn't been waived, remand based on the Job Browser Pro evidence would be warranted only if Plaintiff could show both that it was material and that she had good cause for failing to submit it during the administrative proceedings. See 42 U.S.C. § 405(g). But Plaintiff has failed to put forth any reason for her failure to submit the evidence to the agency. See Baghoomian v. Astrue, 319 F. App'x 563, 566 (9th Cir. 2009) (finding no good cause when

plaintiff did not provide sufficient justification for failure to gather evidence earlier). The record, moreover, indicates that no good cause exists: Plaintiff was aware since September 2013 that the VE relied on Job Browser Pro, but she nonetheless failed to submit the relevant numbers to the agency before the Appeals Council denied review, more than a year later. See Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) (good cause exists if new information surfaces after Commissioner's final decision and claimant could not have obtained that evidence at time of administrative proceeding). For this reason, too, remand is not warranted. See Peck v. Colvin, No. CV 12-577 AGR, 2013 WL 3121280, at *3-4 (C.D. Cal. June 19, 2013) (declining to remand based on Job Browser Pro evidence first submitted to district court because plaintiff "has not shown that she could not have obtained jobs data before the Appeals Council denied her request for review").

Finally, to the extent Plaintiff contends that the Commissioner should have taken administrative notice of information in Job Browser Pro (J. Stip. at 10), that argument fails. "The Secretary may take administrative notice of any reliable job information, including . . . the services of a vocational expert." McCaleb, 2013 WL 1516259, at *6 (citation omitted). The regulations state that the Commissioner will take administrative notice of reliable job information from "various governmental and other publications," but Job Browser Pro is not included among the listed sources. See §§ 404.1566(d), 416.966(d); see Cardone v. Colvin, No. ED CV 13-1197-PLA, 2014 WL 1516537, at *5 (C.D. Cal. Apr. 18, 2014) ("Job Browser Pro is not

12

among those publications specifically listed by the Commissioner"); see also Peck, 2013 WL 3121280, at *4 n.3 (noting that "Job Browser Pro is [not] included in the list of published sources recognized in social security regulations"). Moreover, "[a] VE's recognized expertise provides the necessary foundation for his or her testimony," and "no additional foundation is required." Bayliss, 427 F.3d at 1218; see also Rincon v. Colvin, 636 F. App'x 963, 964 (9th Cir. 2016) (finding that VE's expertise "was an adequate basis for [his] testimony regarding the number of jobs available" given that plaintiff's counsel did not challenge VE's expertise at hearing).[8]

Because Plaintiff waived this issue by failing to raise it

---

[8] In any event, is not clear that the Job Browser Pro numbers would have changed the outcome of the proceedings. The VE testified that other sedentary occupations were available, although she did not specifically identify those occupations or indicate how many such jobs existed in the national and regional economies. (AR 48.) Plaintiff argues that because the only light work available to her does not exist in significant numbers, she is limited to sedentary work and is disabled under 20 C.F.R., part 404, subpart P, appendix 2, section 201.01-02. (J. Stip. at 11-12.) But because Plaintiff has not yet reached "advanced age" and the ALJ found she had "acquired work skills from past relevant work that [were] transferable," she would in fact be found "not disabled" under the applicable rule for people limited to sedentary work, 20 C.F.R., part 404, subpart P, appendix 2, section 201.11. (AR 26, 36.) Moreover, the Job Browser Pro numbers submitted to the Court are from 2015, 13 months after the ALJ issued his decision (J. Stip., Ex. 1 at 1; Ex. 2 at 1), and thus are irrelevant here, cf. Sanchez v. Sec'y of Health & Human Servs., 812 F.2d 509, 512 (9th Cir. 1987) (evidence of mental deterioration after ALJ hearing would be material to new application but was not evidence of plaintiff's condition at the hearing); Berrigan v. Astrue, No. 1:10-CV-00165 GSA, 2011 WL 4624666, at *13 (E.D. Cal. Oct. 4, 2011) ("[T]o the degree the new evidence is dated after . . . the ALJ's decision[,] it is outside the relevant time period, is therefore not material, and thus cannot properly be considered.").

13

during the administrative proceedings and because she failed to show good cause for her failure to earlier submit the new Job Browser Pro evidence, remand is not warranted.

**VI. CONCLUSION**

Consistent with the foregoing, and under sentence four of 42 U.S.C. § 405(g),[9] IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner, DENYING Plaintiff's request for remand, and DISMISSING this action with prejudice. IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 27, 2016    _____
                        JEAN ROSENBLUTH
                        U.S. Magistrate Judge

---

[9] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."